**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| KEREN TAMALI SITA,<br><br>Plaintiff,<br><br>v.<br><br>KAREN SPERRY, D.D.S., *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 26-1400 (UNA) |

## MEMORANDUM OPINION

Plaintiff, a resident of Vermont, brings this action against Karen Sperry, D.D.S., the Vermont Department for Children and Families ("DCF"), and the Centers for Medicare and Medicaid Services ("CMS"), a division of the U.S. Department of Health and Human Services. *See* Compl. at 4. Plaintiff's claims arise from treatment she received from Dr. Sperry, whom plaintiff describes as "a state-contracted Medicaid provider," *id*. at 9, when plaintiff was a ward of the State of Vermont, *see id*. at 5, and recipient of Medicaid benefits, *see id*. at 4.

Under 28 U.S.C. § 1915, the Court "shall dismiss [a] case at any time if the court determines that . . . the action . . . is frivolous or malicious[, or] fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B). Having taken judicial notice of opinions and orders from other court proceedings, *see Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005); *Does I through III v. District of Columbia*, 238 F. Supp. 2d 212, 216–17 (D.D.C. 2002), the Court finds that plaintiff has filed five other lawsuits pertaining to dental treatment she received, or did not receive, as a minor. *See Sita v. Vermont Dep't for Children and Families*, No. 2:26-cv-0186 (D. Vt. filed June 1, 2026); *Sita v. Sperry*, No. 2:24-cv-0372 (D. Vt. Mar. 31, 2025); *Sita v. Sperry*, No. 2:23-cv-0643 (D. Vt. Feb. 28, 2024); *see also* Entry Order Ordering Plaintiff to Show Cause Why a Filing Injunction Should Not Be Entered,

*Sita v. Champlain Housing Trust*, No. 2:26-cv-0193 (D. Vt. July 31, 2026) (ECF No. 5) (citing two cases filed in Vermont state court).

"A complaint that merely repeats pending or previously litigated claims may be considered abusive[.]" *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981) (per curiam). This Court deems the instant complaint abusive and subject to dismissal as malicious. *See, e.g., Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972) (approving trial court's dismissal of a complaint, prior to service of process, on the ground that the plaintiffs sought to relitigate issues already litigated); *Day v. Toner*, 530 F. App'x 118, 121 (3d Cir. 2013) (same); *Hurst v. Counselman,* 436 F. App'x 58, 61 (3d Cir. 2011) (same); *Dantzler v. U.S. Equal Employment Opportunity Comm'n*, 810 F. Supp. 2d 312, 320 (D.D.C. 2011) ("[T]he court's review of the plaintiff's current claims and his previous claims indicate that the plaintiff's current claims have all been previously litigated in the Louisiana courts and, as such, should be considered abusive.").

Judicial resources are limited, and this Court declines to entertain another civil action against the same defendants raising substantially similar claims. "When declaring that a successive *in forma pauperis* suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple—but not more." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). Plaintiff has had her bite.

An Order is issued separately.

2026.10.26
18:33:06 -04'00'

TREVOR N. McFADDEN
United States District Judge

DATE: October 26, 2026